UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GENIE SERVICE COMPANY, INC., doing business as Genie Tours, and DAN CARTER,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF TRANSPORTATION, Federal Motor Carrier Safety Administration,<br><br>Defendant. | No. 4:16-CV-5057-SMJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

In this case, Plaintiffs assert that in March of 2013, the Department of Transportation Federal Motor Carrier Safety Administration (DOT) conducted a compliance review at a Genie Tours facility and issued an unsatisfactory safety rating. DOT then denied Plaintiffs' request for a "conditional rating upgrade." Plaintiffs allege that DOT's actions were arbitrary and capricious and contrary to its own regulations, and that the actions violated Plaintiffs' civil rights. The DOT moves to dismiss these claims for lack of jurisdiction and because Plaintiffs fail to state a claim. ECF No. 8.

ORDER - 1

The legal basis of Plaintiffs' claims is not entirely clear. Construing the claims liberally, it appears Plaintiffs are attempting to (1) appeal the DOT's administrative safety-rating determination and final order on administrative review confirming that decision;[1] (2) challenge the DOT's actions under the Administrative Procedure Act (APA) as arbitrary and capricious; and (3) allege a civil rights violation. Because the Court lacks jurisdiction to review DOT's final decision or to consider Plaintiffs' APA claim, and because Plaintiffs fail to state a civil rights claim, all of Plaintiffs' claims must be dismissed.

The Court lacks jurisdiction to review DOT's final decision in this case. The court of appeals has exclusive jurisdiction to review "all, rules, regulations, or final orders of . . . the Secretary of Transportation issued pursuant to . . . subchapter III of chapter 311 . . . of Title 49." 28 U.S.C. § 2342(3)(A). The safety-compliance review and administrative review process are authorized under that subchapter. *See* 49 U.S.C. § 31144; 49 C.F.R. § 385.17. Accordingly, DOT's final decision was issued pursuant to subchapter III of chapter 311 of Title 49, and is therefore subject to the Court of Appeals' exclusive jurisdiction.

---

[1] The facts and procedural history of Plaintiffs administrative appeal of the safety-rating decision are not mentioned in the complaint. It is nevertheless appropriate to consider these facts on the DOT's motion to dismiss for lack of subject matter jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (explaining that courts may consider evidence outside the pleadings in a factual attack on subject matter jurisdiction).

The Court also lacks jurisdiction to consider Plaintiffs' APA claim. Under the principal of sovereign immunity, the United States government may be sued only with its consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). The APA waives sovereign immunity and permits a plaintiff suffering legal wrong because of agency action to seek judicial review of that action. 5 U.S.C. § 702. However, the APA's waiver of sovereign immunity is limited to claims "seeking relief other than money damages." *Id.*; *Harger v. Dep't of Labor*, 569 F.3d 898, 904 (9th Cir. 2009). Because Plaintiffs seek only money damages in this case, the APA's waiver of sovereign immunity is inapplicable and the Court lacks jurisdiction to consider Plaintiffs' claim that DOT's actions were "arbitrary and capricious."

Plaintiffs fail to state a constitutional civil rights claim. A claim may be dismissed pursuant to Rule 12(b)(6) either for lack of a cognizable legal theory or failure to allege sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff may bring certain claims for violation of constitutional rights against federal officers acting under color of federal law, *See Bivens v. Six Unknown Named*

*Agents of Fed. Bureau of Narcotics*, 403 U.S. 3888 (1971), and against persons acting under color of state law, *see* 42 U.S.C. § 1983. But Plaintiffs here name only a federal agency as a defendant. Even if Plaintiffs had named a defendant who could be subject to liability for constitutional civil rights violations, they have not specified which rights were allegedly violated and have alleged no facts supporting a violation of any constitutional right.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, **ECF No. 8**, is **GRANTED**.
2. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.
3. All hearings and other deadlines are **STRICKEN**.
4. The Clerk's Office is directed to **ENTER JUDGMENT** consistent with this order and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and pro se plaintiffs.

**DATED** this 6th day of October 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge